

# NUMBER 13-23-00015-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**LUZ ALBERT HERNANDEZ A/K/A
LUZALBERT HERNANDEZ,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                   **Appellee.**

## On appeal from the 377th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides**

Luz Albert Hernandez a/k/a Luzalbert Hernandez appeals from the trial court's denial of his Chapter 64 motion for post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03. By four issues that we construe as one, Hernandez contends that the trial court erred by denying his motion because it was sufficiently dissimilar from his

previous motion. We affirm.

## I.  BACKGROUND

The facts underlying Hernandez's conviction and the facts concerning Hernandez's prior Chapter 64 motion are recounted in *Hernandez v. State*, No. 13-17-00271-CR, 2018 WL 3583835, at *1–10 (Tex. App.—Corpus Christi–Edinburg July 26, 2018, pet. ref'd) (mem. op., not designated for publication) (*Hernandez I*), and *Hernandez v. State*, No. 13-20-00216-CR, 2022 WL 324069, at *1–5 (Tex. App.—Corpus Christi–Edinburg Feb. 3, 2022, pet. ref'd) (mem. op., not designated for publication) (*Hernandez II*), respectively.

To summarize, Hernandez was convicted for aggravated assault with a deadly weapon. *See id.* at *2. We affirmed that conviction on direct appeal and concluded that the evidence was sufficient to establish that he exhibited a golf club during the assault. *See Hernandez I*, 2018 WL 3583835, at *5. Hernandez then filed a Chapter 64 motion for post-conviction DNA testing on the golf club, which the trial court denied. *See Hernandez II*, 2022 WL 324069, at *2. We affirmed the trial court's judgment, holding that Hernandez failed to meet his burden to show that identity was or is an issue in this case and that he had not established by a preponderance of the evidence that an exculpatory DNA test result would have changed the outcome of his trial. *Id.* at *5; *see* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(c), (2)(A).

On December 9, 2022, Hernandez filed a second Chapter 64 motion for post-conviction DNA testing on the golf club. In his second motion, Hernandez again contended that exculpatory DNA results would have changed the outcome of his trial.

2

That same day, the trial court denied Hernandez's motion and found "that [Hernandez] has previously filed the same or similar motions which have been denied." This appeal followed.

## II. LAW OF THE CASE DOCTRINE

Chapter 64 motions are subject to the "law of the case" doctrine. *State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015) (*Swearingen II*). Under that doctrine, "an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue." *Id.* (quoting *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014) (*Swearingen I*)). Accordingly, "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *Swearingen II*, 478 S.W.3d at 720 (quoting *Swearingen I*, 424 S.W.3d at 36).

## III. ANALYSIS

Hernandez cites to no new developments in the law or facts surrounding his Chapter 64 motion. The same statute applies, he seeks to test the same item, and no new evidence has been discovered. *See id.* at 729 (Alcala, J., dissenting) ("For the law-of-the-case doctrine to control this case, the evidence would have to show that the applicable DNA statute, the items sought to be tested, and the evidence relevant to the motion are virtually identical."). Hernandez argues that the relief he seeks is different this time, because he "filed this [Chapter ]64 motion on the precise ground that if the golf club were tested for his fingerprints/touch DNA[,] the favorable results would disprove the aggravating-factor element by proving that Hernandez never 'used or exhibited' the golf

3

club." Essentially, Hernandez argues that, though an exculpatory result would not prove him innocent of the underlying assault, it would prove that he never wielded a deadly weapon during the assault.

But our prior holding encompassed the effect an exculpatory DNA result would have on Hernandez's conviction for aggravated assault with a deadly weapon; our holding was not limited to some lesser-included offense, like assault, as Hernandez seems to suggest. *See Hernandez II*, 2022 WL 324069, at *5. In that prior case, we explained that "[a]n exculpatory touch DNA result would be consistent with the defense's theory that [Hernandez] did not use a golf club during the commission of the assault, but it would also be consistent with the evidence presented by the State that both Moreno and Hernandez handled the golf club." *Id.* at *4. We therefore concluded that "Hernandez failed to show by a preponderance of the evidence that, had an exculpatory DNA result been presented at trial, he would have been exonerated." *Id.* at *5. In other words, we have already held that an exculpatory result would not prove that Hernandez did not wield the golf club; it would only prove that someone else *also* wielded the golf club. *Id.* at *3 ("[A]n exculpatory result would merely demonstrate that a third party handled the golf club, which was consistent with Moreno's testimony that he kept the golf club in his shop and was able to pull it away from Hernandez."). We conclude that the law of the case doctrine applies here, as the facts and legal issues are virtually identical to the ones we have already decided against Hernandez in a prior appeal. *See Swearingen II*, 478 S.W.3d at 720.

Alternatively, Hernandez also contends that his second Chapter 64 motion is substantively different from his first, as he cites *Leal* and *Holberg* in his current motion,

4

neither of which were cited in his prior motion. *See Holberg v. State*, 425 S.W.3d 282 (Tex. Crim. App. 2014); *Leal v. State*, 303 S.W.3d 292 (Tex. Crim. App. 2009). But both *Leal* and *Holberg* predate our prior memorandum opinion. *See Holberg*, 425 S.W.3d at 282; *Leal*, 303 S.W.3d at 292; *see also Hernandez II*, 2022 WL 324069, at \*1. Therefore, again, there have been no new developments that would warrant a departure from the law of the case doctrine. *See Swearingen II*, 478 S.W.3d at 720. We overrule Hernandez's sole issue.[1]

### IV.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P 47.2(b).

Delivered and filed on the
14th day of December, 2023.

---

[1] Lastly, Hernandez recently filed a motion with this Court asking that we "abate and/or remand this case back to the trial court to allow him to file a supplemental DNA motion that includes" certain newly discovered evidence. However, as this new evidence and supplemental Chapter 64 motion were not before the trial court at the time it denied Hernandez's second Chapter 64 motion, we cannot consider it in this appeal. *See Balderas v. State*, 517 S.W.3d 756, 773 (Tex. Crim. App. 2016). Therefore, we deny Hernandez's motion.

5